

**ORDERED in the Southern District of Florida on May 13, 2013.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 10-32847-BKC-PGH |
| Mitchell Pasin | CHAPTER 7 |
|     Debtors._____/ | |
| Indigo Lakes, LLC, | ADV. NO.: 10-03712-BKC-PGH-A |
|     Plaintiff, | |
| v. | |
| Mitchell Pasin, | |
|     Defendant._____/ | |

**ORDER (I) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 36) AND (II) SETTING PRETRIAL CONFERENCE**

**THIS MATTER** came before the Court for hearing on April 2, 2013, on the Motion for Summary Judgment (ECF No. 36) filed by Mitchell Pasin (the "Defendant") against Indigo Lakes, LLC (the "Indigo Lakes"). For the reasons discussed below, the Court finds that there are material facts in dispute which

1

prevent the court from entering summary judgment in favor of either party and require resolution at trial.

## BACKGROUND

Indigo Lakes is a Florida limited liability company in the business of owning and operating a golf course in Daytona Beach, Florida. The Defendant is the sole member of NAC, LLC. ("NAC"), which along with KBCB Family Limited Partnership ("KBCB"), was an original member of Indigo Lakes. In September 2006, KBCB and NAC executed a limited liability company agreement (the "Operating Agreement").[1] According to the Operating Agreement, the signature of either KBCB or Kenneth Brown ("Mr. Brown"), the managing Partner of KBCB, was required on all distributions made from any company bank account unless other arrangements had been made in writing between Mr. Brown and the Defendant.[2]

According to Indigo Lakes, the Defendant — unbeknownst to Indigo Lakes, KBCB, or Mr. Brown and contrary to the Operating Agreement — opened two bank accounts with National City Bank n/k/a PNC Financial Services Group, Inc (the "National City Bank Accounts"). Indigo Lakes alleges that between September 2007 and April 2008, the Defendant embezzled $781,744.56 from Indigo Lakes and deposited the funds into the National City Bank Accounts to use for his own benefit.

---

[1] The Indigo Lakes Operating Agreement is attached to the Plaintiff's *Complaint* (ECF No. 1) as Exhibit 1. It is also attached to the Defendant's Motion for Summary Judgment as Exhibit A.

[2] The facts in this paragraph are alleged in the Complaint, and the Defendant's Answer (ECF No. 11) admits to them. Accordingly, these facts are undisputed.

2

On August 4, 2010, the Defendant filed a voluntary petition for chapter 7 bankruptcy protection. Indigo Lakes commenced the instant adversary proceeding on November 12, 2010, seeking a determination that the debt owed by the Defendant to Indigo Lakes as a result of the alleged embezzlement is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). *See Complaint* (ECF No. 1). The Defendant then filed the Motion for Summary Judgment[3] currently before the Court, contending that he is entitled to judgment as a matter of law on the basis that (1) pursuant to Section 39(v) of the Operating Agreement, Indigo Lakes had no authority to institute this action; and (2) KBCB and Mr. Brown released him from any liability stemming from claims such as those asserted here. Additionally, in his *Reply to Plaintiff's Response* (ECF No. 45), the Defendant asserts that this adversary proceeding must also be dismissed on the basis that Indigo Lakes was administratively dissolved on September 23, 2011, for failing to file an annual report and thus, pursuant to FLA. STAT. § 608.4511(7), may not maintain this action. The Court finds that none of the Defendant's arguments merit entry of summary judgment in the Defendant's favor.

---

[3] Federal Rule of Civil Procedure 56(a), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he courts shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the movant bears "the initial burden to demonstrate to the . . . court the basis for its motion . . . and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (citation omitted). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

## CONCLUSIONS OF LAW

I.  **Authority to Commence this Adversary Proceeding**

To begin with, Section 39(v) of the Operating Agreement does not divest Indigo Lakes of authority to commence this adversary proceeding. Section 39(v) states:

> [N]o act shall be taken, sum expended, decision made or obligation incurred by the Company or either Member [KBCB or NAC] with respect to a matter within the scope of any of the matters enumerated below (hereinafter referred to as "Major Decisions"), unless such matter has been approved by a majority of the Members, which approval may be withheld in the sole discretion of a Member. The Major Decisions are:
>
> * * *
>
> (i) commencing, settling or dismissing litigation by or against the Company that is not covered by insurance or confessing a judgment against the Company or its assets or any portion thereof[.]

However, if NAC was not a member of Indigo Lakes at the time of the filing of this adversary proceeding, Indigo Lakes did not need the approval of NAC to commence the proceeding.

Indigo Lakes contends that the Defendant, individually and on behalf of NAC, relinquished any and all membership interests in Indigo Lakes. In support, Indigo Lakes offers the Affidavit of Mr. Brown (ECF No. 42), the managing partner of KBCB, in which Mr. Brown states:

> When RBC Bank, the primary mortgage holder on the real estate and improvements owned by Indigo Lakes, filed a foreclosure action against Indigo Lakes, Mr. Pasin [the Defendant] would not authorize Indigo Lakes to file bankruptcy based upon paragraph 39(v)(1) of the Operating Agreement without resolving various issues between himself, NAC, KBCB and Mr. Brown. Consequently, Mr. Brown and KBCB were forced into executing various releases to Mr. Pasin and

4

> NAC, including releasing NAC and Mr. Pasin from, among other things, the payment obligations under the $1,850,000 promissory note. In exchange for these releases, Mr. Brown and KBCB required Mr. Pasin and through him, NAC[,] to terminate their membership interest in Indigo Lakes. It was for this reason that Mr. Pasin prepared, signed and delivered to Mr. Brown the document attached hereto as exhibit no. 3.

Brown Aff., at ¶ 3, Ex. 3. The Release Waiver and Denial of Ownership Interest (the "Release and Denial of Interest"), attached to the Affidavit of Mr. Brown as Exhibit 3, provides:

> The undersigned . . . herein referred to as RELEASOR . . . acknowledges, represents and warrants on behalf of himself, his heirs and/or assigns that the Releasor has no membership interest in Indigo Lakes LLC, and forever waives any right to assert any such ownership, AND FURTHER that the Releasor has no claim against Indigo Lakes LLC, either as a member, a contractor, a manager, [or] an agent[.]

Brown Aff., Ex. 3. The Release and Denial of Interest is signed by the Defendant without indicating that he was signing in his capacity as the sole member and representative of NAC. This fact does not necessarily preclude a finding that the Defendant signed the Release and Denial of Interest in his representative capacity, particularly if the Court finds that parol evidence is permitted to explain the capacity in which the Defendant signed or that NAC was simply the "alter ego" of the Defendant. *See NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 177-178 (2d Cir. 2008) (noting that veil piercing principles, such as the alter ego theory, apply to LLCs and their members); *XL Vision, LLC. v. Holloway*, 856 So.2d 1063, 1065-66 (Fla. 5th DCA 2003) (applying alter ego theory to limited liability company). At this stage, however, the Court cannot determine whether the Defendant signed the Release and Denial of Interest in a representative capacity on

5

behalf of NAC or solely in his individual capacity. Accordingly, the existence of a material factual dispute regarding the capacity in which the Defendant signed the Release and Denial of Interest precludes the Court from entering summary judgment on the basis that Indigo Lakes had no authority to institute this adversary proceeding as a result of Section 39(v) of the Operating Agreement.

Even if the Court were to determine that the Release and Denial of Interest was ineffective as a disclaimer of NAC's interest in Indigo Lakes, NAC was no longer a member of Indigo Lakes at the time of the filing of this adversary proceeding. Pursuant to FLA. STAT. § 608.4237:

> A person ceases to be a member of a limited liability company upon the occurrence of any of the following:
>
> (1) Unless otherwise provided in the articles of organization or operating agreement, or with the written consent of all members, a member:
>
> * * *
>
> (b)   Files a voluntary petition in bankruptcy[.]

In other words, the moment the Defendant filed for bankruptcy, he automatically ceased to be a member of NAC. *Modanlo v. Mead (In re Modanlo)*, Civil Action No. DKC 2006-1168, 2006 WL 4486537, at *5 (D. Md. 2006) (discussing a comparable statute in the Delaware Code). Although the Defendant, without objection, claimed his membership interest in NAC as exempt, the membership interest retained by the Defendant no longer includes any right to bind NAC or to participate in NAC's management. CARTER G. BISHOP & DANIEL S. KLEINBERGER, LIMITED LIABILITY COMPANIES: TAX AND BUSINESS LAW ¶ 8.04 (2012) ("The end of membership means

6

the end of any member-like rights to be involved in the LLC's affairs"). Upon the Defendant's filing for bankruptcy, he ceased to be a member of NAC and all that remained of the Defendant's exempt interest in NAC was the right to receive any share of the profits or other compensation by way of income and the return of contributions. *See* Fla. Stat. 608.427(2).

Furthermore, pursuant to FLA. STAT. § 608.441(1), "[a] limited liability company organized under this chapter shall be dissolved, and the limited liability company's affairs shall be concluded, upon the first to occur of any of the following events: . . . (d)  At any time there are no members[.]" Because the Defendant was the sole member of NAC, the termination of his membership in NAC left NAC with no members. Therefore, pursuant to FLA. STAT. § 608.441(1)(d), NAC was dissolved as of the date the Defendant filed for bankruptcy. *See In re Modanlo*, 2006 WL 4486537, at *5. Upon its dissolution, NAC ceased to be a member of Indigo Lakes, and thus Indigo Lakes did not need the approval of NAC to commence this proceeding.

Based on the foregoing, the Court finds that Indigo Lakes had the authority to commence this adversary proceeding. Accordingly, the Defendant is not entitled to summary judgment on the basis that pursuant to the Operating Agreement, Indigo Lakes lacked authority to commence this adversary proceeding.

## II.     The Release of Claims

The Defendant contends that he is also entitled to summary judgment on the basis that the General Release of Claims (the "Release"), attached to the

7

Defendant's Motion for Summary Judgment as Exhibit C, released the Defendant from any liability for the claims asserted in the instant adversary proceeding. Notwithstanding the fact that it is unclear exactly which claims arising from which actions were released, the Release provides that KBCB, not Indigo Lakes, released the Defendant and NAC from liability for certain claims. Indeed, Mr. Brown signed the Release as manager of KBCB. Indigo Lakes is not mentioned anywhere in the Release. Accordingly, the Defendant is not entitled to summary judgment on the basis that he was released from the claims asserted in this adversary proceeding.

### III.   The Administrative Dissolution of Indigo Lakes

The Defendant also asserts that this adversary proceeding must be dismissed on the basis that Indigo Lakes was administratively dissolved on September 23, 2011, for failing to file an annual report, and thus, pursuant to FLA. STAT. § 608.4511(7), may not maintain this action. Section § 608.4511(7) states:

> Any limited liability company failing to file an annual report which complies with the requirements of this section shall not be permitted to prosecute, maintain, or defend any action in any court of this state until such report is filed and all fees, penalties, and taxes due under this chapter are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this chapter

At the hearing on the Motion for Summary Judgment, Indigo Lakes produced documents showing that Indigo Lakes had received a "reinstatement" and that the reinstatement was filed with the Secretary of State on March 29, 2013. *See Notice of Filing* (ECF No. 46). The Defendant stated on the record that he did not object to the authenticity of these documents. Based upon the documents contained in the Notice of Filing, the Court finds that Indigo Lakes has been reinstated by the

Secretary of State. Therefore, the Defendant is not entitled to summary judgment on the basis that Indigo Lakes was administratively dissolved and thus cannot maintain this action.

## ORDER

For the reasons discussed above, the Defendant is not entitled to summary judgment, and the matter shall proceed to trial without delay. Therefore, the Court, being fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Defendant's Motion for Summary Judgment is **DENIED**.

2. A pre-trial conference shall be held on **August 6, 2013, at 9:30 a.m.** before the Honorable Paul G. Hyman, Jr. at the United States Bankruptcy Court, Courtroom A, Flagler Waterview Building, 1515 North Flagler Drive, Courtroom A, West Palm Beach, Florida 33401.

###

Copies furnished to:

Charles I Cohen, Esq.

Russell L Forkey, Esq.

Mitchell Pasin
2472 NW 67 St
Boca Raton, FL 33496